# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MARTIN L. HATTON,

        Petitioner,        :    Case No. 2:15-cv-01506

   - vs -                  District Judge Algenon L. Marbley
                                 Magistrate Judge Michael R. Merz

RHONDA R. RICHARD, Warden,
 Madison Correctional Institution,
                           :

        Respondent.

# ORDER

      This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action.  The case is before the Court on Respondent's Motion to Transfer this case to the Sixth Circuit as a successive habeas corpus application, as assertedly required by 28 U.S.C. § 2244(b)(ECF No. 8).

      Respondent documents that the instant Petition is Hatton's fifth-in-time habeas petition attacking the judgment of the Pickaway County Court of Common Pleas judgment on which he is confined (Motion, ECF No. 8, PageID 85-86).  Petitioner admits that this is not his first petition attacking that judgment, but asserts he filed the present Petition "only after discovering new evidence (evidence that the state courts found was not previously discoverable) and exhausting his claim based upon that new evidence in the state courts." (Memo in Opp., ECF No. 9, PageID 313).

1

Under Ohio law, a motion for new trial based on evidence that is newly-discovered later than 120 days after verdict can only be filed with court permission, based on a showing that evidence could not have been earlier discovered.  Ohio R. Crim. P. 33(B).  Hatton alleges he discovered on December 7, 2010, from the Ohio Innocence Project that the principal witness against him, Ricky Dunn, had recanted his trial testimony.  Hatton was at first unsuccessful in persuading the trial court that his motion was timely, but the court of appeals reversed.  *State v. Hatton*, 2013-Ohio-475, 2013 Ohio App. LEXIS 413 (4th Dist. Feb. 8, 2013).  On remand the trial court found the motion for new trial unpersuasive and the Fourth District affirmed denial of relief.  *State v. Hatton*, 2014-Ohio-3601, 2014 Ohio App. LEXIS 3541 (4th Dist. Aug. 14, 2014). The Ohio Supreme Court declined review on February 18, 2015.  *State v. Hatton*, 141 Ohio St. 3d 1475 (2015).  Hatton through counsel filed the instant Petition on April 29, 2015 (ECF No. 1).

Hatton pleads one ground for relief:

> **Ground One**: The Ohio state courts entered decisions that were contrary to, or unreasonable applications of, the Supreme Court's clear precedent by failing to conclude on this record that the trial court erred by denying the motion for new trial and/or denying the motion for new trial without an evidentiary hearing.
>
> **Supporting Facts**: On December 7, 2010, the Ohio Innocence Project (which had been looking into having DNA from this case re-tested in order to exonerate Mr. Hatton) notified Mr. Hatton that state witness Ricky Dunn had recanted his trial testimony, now admitting that Mr. Hatton was innocent. On August 11, 2011, Mr. Hatton filed a motion for leave to file a motion for new trial. In the motion, Mr. Hatton pointed out that he had been convicted solely on the testimony of Mr. Dunn, but showed, in part based upon Mr. Dunn's recantation, that Mr. Dunn had lied at trial and that Mr. Hatton had not been present. The trial court denied the motion, claiming Mr. Hatton had filed out of time. Mr. Hatton appealed. The Fourth Appellate District reversed, finding that Mr. Hatton could not have found out about the recantation until December 7, 2010. See *State v. Hatton*, 2013-Ohio-475, ¶ 12. On remand, the trial court denied relief without an evidentiary hearing. Mr. Hatton again appealed, arguing that the trial court had erred by denying

the motion and by failing to hold an evidentiary hearing. The Fourth Circuit [sic] affirmed. *State v. Hatton*, 2014-Ohio-3601. Mr. Hatton timely filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court, again arguing that the trial court had erred by failing to grant the motion and by failing to hold an evidentiary hearing. The Ohio Supreme Court denied the appeal on February 18, 2015.

(Petition, ECF No. 1, PageID 5.)

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court lacks jurisdiction to consider a second or successive petition without

approval by the circuit court.  *Burton v. Stewart*, 549 U.S. 147 (2007).  However, the district

court must decide in the first instance whether a petition or § 2255 motion is second or

successive.  *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re:*

*Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

Hatton correctly asserts that not all second or later in time habeas petitions are successive

within the meaning of § 2244(b).  In *In re: Curtis Jones*, 652 F.3d 603 (6th Cir. 2010), the court

held:

> [N]ot every numerically second habeas petition is subject to these
> gatekeeping procedures. Instead, in a series of post-AEDPA cases,
> the Supreme Court has confirmed that a numerically second
> petition is not properly termed "second or successive" to the extent
> it asserts claims whose predicates arose after the filing of the
> original petition. The statutory phrase "second or successive
> petition," the Court has emphasized, is a "term of art given
> substance" in the Court's prior habeas cases. *Slack v. McDaniel*,
> 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  So
> in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618,
> 140 L. Ed. 2d 849, the Court held that a capital prisoner's claim
> that he was incompetent to be executed under *Ford v. Wainwright*,
> 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), was not
> barred even though a prior petition raising the same claim had been
> dismissed because the claim was unripe. *See* 523 U.S. at 644-45.
> And in *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168
> L. Ed. 2d 662 (2007), the Court removed any implication that
> *Martinez-Villareal* applied only to a claim raised in a prisoner's
> initial petition. There, the prisoner's numerically second petition
> asserted a *Ford* claim that had been omitted from his initial
> petition. The Court held that the claim was not successive,
> rejecting "[a]n empty formality requiring prisoners to file unripe
> *Ford* claims" in an initial habeas petition in order to be able to
> pursue them in a subsequent petition. *Id*. at 946. In doing so, the
> Court relied on pragmatic concerns, observing that "[i]nstructing
> prisoners to file premature claims, particularly when many of these
> claims will not be colorable even at a later date, does not conserve
> judicial resources" or vindicate any other policy of federal habeas
> law. *Id*.

*Id.* at 605.  In the *Curtis Jones* case, the court found a claim that changes in the state's parole

system which became effective after Jones was convicted which he claimed violated his rights under the Ex Post Facto Clause was not second or successive because it challenged parole regulation changes which were adopted after his prior petitions had been filed. *Id., citing In re Cain*, 137 F.3d 234, 236-37 (5th Cir. 1998) (challenge to disciplinary revocation of good-time credits); *Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (challenge to parole determination); *Hill v. Alaska*, 297 F.3d 895, 897-99 (9th Cir. 2002) (challenge to parole determination); *see also Benchoff v. Colleran*, 404 F.3d 812, 817 (3rd Cir. 2005) (noting that a challenge to a parole determination would not constitute a "second or successive" petition under § 2244 if "the claim had not arisen or could not have been raised at the time of the prior petition," but holding prisoner's claim barred because the parole board had rendered an identical determination before his initial petition was filed).

Hatton relies on *Singleton v. Norris*, 319 F.3d 1018 (8th Cir. 2003)(en banc).  In that capital case, the court found a petition challenging involuntary anti-psychotic medication was not successive because the petitioner had not been subject to an order for the medication at the time he filed his previous petition.

In *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 2000).  In his first motion to vacate under 28 U.S.C. § 2255, he claimed ineffective assistance of trial counsel for failure to file a notice of appeal.  He was successful on that claim, but later filed a second § 2255 motion claiming both ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  The trial counsel claims were found to be barred because they could have been raised in the first § 2255 motion; the appellate counsel claims were permitted to proceed because they had not yet arisen when the first motion was filed.

In *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), a death row inmate filed a

second habeas petition grounded in the decision of the International Court of Justice requiring review of convictions which violated the Vienna Convention on Consular Relations. Because that ICJ decision occurred after the initial petition was adjudicated, the second petition was not successive.

In *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), the court allowed a second § 2255 motion because the claim on which it was based arose only when a state court vacated a state conviction which had been the predicate for the federal conviction. Although the facts used to attack the prior conviction existed at the time of the first § 2255 motion, they had not yet ripened into a state court judgment. This was based directly on the holding in *Johnson v. United States*, 544 U.S. 295 (2005), on when the statute of limitations begins to run.

In *Storey v. Vasbinder*, 657 F. 3d 372 (6th Cir. 2011), our circuit joined the Second, Third, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits in holding that a habeas petition filed after a remedial appeal which had been ordered on a prior petition is not itself successive.

The case law at both the Supreme Court and circuit court levels establish the general premise that a claim which has not arisen as of the time of a first petition can be presented in a second petition without permission of the court of appeals. On its face, Hatton's claim in this case purports to be based on violations of his constitutional rights which occurred after his first petition was denied on the merits on September 5, 2001 (Opinion and Order, Case No. C:2-00-427, PageID 96-103).[1]

---

[1] Hatton has never had a second or later petition proceed to consideration of the merits. As to his second petition in Case No. 2:04-cv-1154, the Sixth Circuit found it was barred by 28 U.S.C. § 2244 because one claim had been decided in the prior case and the other three claims did not satisfy the statute. *In re: Hatton*, Case No. 05-4316 (6th Cir. Sept. 19, 2006)(unreported, copy at PageID 111-12.) Hatton then filed a Fed. R. Civ. P. 60(b)(6) motion claiming his convictions violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). This Court construed the motion as a habeas petition and transferred it to the Sixth Circuit which denied permission to proceed because those cases had not been made retroactively applicable to cases on collateral review. *In re: Hatton*, Case No. 08-3785 (6th Cir. Jan. 14, 2009)(unreported, copy at PageID 113-14.) In his next attempt at relief, Hatton apparently started in the Court of Appeals by moving for permission to present a claim that

Hatton's claim as pled is that the Ohio courts violated clearly established Supreme Court precedent when they denied his motion for new trial and/or when they made that decision without conducting an evidentiary hearing. Those actions clearly occurred after September 5, 2001; the denial of the new trial motion became final February 18, 2015. However, as pled, the sole Ground for Relief does not state a claim cognizable in habeas corpus because there is no constitutional right to a new trial or to an evidentiary hearing before denial of a new trial. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).

Therefore, as actually pled, Hatton's Ground for Relief is not second or successive and so could proceed in this Court without circuit court permission. However, it would disserve judicial economy to allow the case to proceed only to find, on the Warden's next motion, that the Petition does not state a cognizable claim.

To avoid that waste of resources, the Warden's Motion to Transfer is DENIED. Petitioner is granted leave to file an amended petition which sets forth a claim cognizable in habeas and based on the newly-discovered evidence, if he can do so, not later than October 15, 2015. In the absence of an amended petition, the Magistrate Judge will recommend the current Petition be dismissed without prejudice for failure to state a claim on which habeas corpus relief can be granted.

October 1, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

---

the state court lacked subject matter jurisdiction over his case because no indictment was ever filed. The Sixth Circuit denied permission to proceed upon a finding that there had been an indictment. *In re: Hatton*, Case No. 12-4511 (6th Cir. May 14, 2013)(unreported, copy at PageID 115-17).