IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MARTIN L. HATTON,

        Petitioner,      :      Case No. 2:15-cv-01506

  - vs -                           District Judge Algenon L. Marbley
                                   Magistrate Judge Michael R. Merz

RHONDA R. RICHARD, Warden,
 Madison Correctional Institution,

                                          :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Respondent's Motion to Dismiss the Amended Petition (ECF No. 15). Petitioner, who is represented by counsel, has filed a Response in Opposition (ECF No. 18) and the time within which Respondent was permitted to file a reply in support has expired.

A motion to dismiss a case involuntarily is a "dispositive" motion on which an assigned Magistrate Judge must file a report and recommendations, rather than a decision. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.

Hatton pleads two Grounds for Relief:

> **Ground One:** The Ohio state courts['] judgments resulted in decisions that were contrary to, or unreasonable applications of, the Supreme Court's clear precedent, and/or resulted in decisions that were based on an unreasonable determination of the facts in light of the record, by failing to conclude that the state trial court erred in denying Hatton's motion for new trial and/or denying the motion for new trial without an evidentiary hearing.

1

> **Ground Two:** The Ohio state courts['] judgments resulted in decisions that were contrary to, or unreasonable applications of, the Supreme Court's clear precedent, and/or resulted in decisions that were based on an unreasonable determination of the facts in light of the record, by failing to conclude that the state trial court erred in denying Hatton's motion for new trial and/or denying the motion for new trial without an evidentiary hearing, as the lack of a hearing and/or a new trial deprived Hatton of his constitutional rights to due process and a fair trial.
>
> **Supporting Facts:** [same for both grounds] On December 7, 2010, the Ohio Innocence Project (which had been looking into having DNA from this case re-tested in order to exonerate Mr. Hatton) notified Mr. Hatton that state witness Ricky Dunn had recanted his trial testimony, now admitting that Mr. Hatton was innocent. On August 11, 2011, Mr. Hatton filed a motion for leave to file a motion for new trial. In the motion, Mr. Hatton pointed out that he had been convicted solely on the testimony of Mr. Dunn, but showed, in part based upon Mr. Dunn's recantation, that Mr. Dunn had lied at trial and that Mr. Hatton had not been present. The trial court denied the motion, claiming Mr. Hatton had filed out of time. Mr. Hatton appealed. The Fourth Appellate District reversed, finding that Mr. Hatton could not have found out about the recantation until December 7, 2010.  See *State v. Hatton*, 2013-Ohio-475, ¶ 12. On remand, the trial court denied relief without an evidentiary hearing. Mr. Hatton again appealed, arguing that the trial court had erred by denying the motion and by failing to hold an evidentiary hearing. The Fourth District affirmed. *State v. Hatton*, 2014-Ohio-3601. Mr. Hatton timely filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court, again arguing that the trial court had erred by failing to grant the motion and by failing to hold an evidentiary hearing. The Ohio Supreme Court denied the appeal on February 18, 2015.

(Amended Petition, ECF No. 12, PageID 329-30.)

**Procedural History**

In the early morning hours of January 18, 1997, a seventeen-year-old woman named Jillian was raped in her own bedroom, then forced downstairs and raped by another man.

2

Jillian's father, Paul, was awakened, came downstairs, and struggled with the second man, Ricky Dunn, subduing him long enough for the Circleville Police to arrive and arrest him. Both to Paul and to the police, Dunn identified the other man as "Marty Hatton." *State v. Hatton*, 1999 Ohio App. LEXIS 1864 (4th Dist. Apr. 19, 1999)("Hatton I").

On January 29, 1997, the Pickaway County grand jury indicted Hatton for aggravated burglary, kidnapping, felonious assault, rape, and theft. *Id.* At trial, Dunn was a principal witness for the State. Hatton was convicted on all counts by a jury and sentenced to a total of thirty-nine years imprisonment (Petition, ECF No. 1, PageID 1.) The convictions and sentence were affirmed on appeal *State v. Hatton, supra*., appellate jurisdiction declined, 86 Ohio St. 3d 1461 (1999).

Hatton persistently sought post-conviction relief, most recently and as relevant here, by filing a motion for new trial under Ohio R. Crim. P. 33(B) on August 10, 2011 (Petition, ECF No. 1, PageID 4). The motion is based principally on an affidavit from Dunn recanting his trial testimony. The Common Pleas Court, through the same judge who presided at trial, found the recantation not credible, and he court of appeals affirmed denial of the motion. *State v. Hatton*, 2014-Ohio-3601, 2014 Ohio App. LEXIS 3541 (4th Dist. Aug. 14, 2014), appellate jurisdiction declined, 141 Ohio St. 3d 1475 (2015). Hatton, represented by counsel, filed his original Petition here April 29, 2015 (ECF No. 1).

Because this is Hatton's fifth-in-time federal habeas corpus petition, Respondent moved to transfer the case to the Sixth Circuit as second-or-successive under 28 U.S.C. § 2244(b)(ECF No. 8). The Magistrate Judge denied that Motion, finding the Petition was not second-or-successive as that phrase has been interpreted by the Supreme Court and the Sixth Circuit (Order, ECF No. 10). However, the Magistrate Judge found that the original Petition did not state a

claim cognizable in habeas corpus "because there is no constitutional right to a new trial or to an evidentiary hearing before denial of a new trial." (Order, ECF No. 10, PageID 326, citing *Herrera v. Collins,* 506 U.S. 390, 408-11 (1993), and granting Petitioner leave to amend to attempt to state a cognizable claim. Petitioner then filed the Amended Petition which is the focus of Respondent's Motion.

**Respondent's Motion**

Respondent moves to dismiss the Amended Petition on grounds it does not state claims cognizable in habeas corpus (ECF No. 15). Respondent reads the Amended Petition as challenging only "the outcome of [Hatton's] post-conviction proceedings, and not his trial. . . " *Id.* at PageID 343. The Warden reminds the Court that habeas will not lie to correct errors in state court post-conviction proceedings. *Id.* at PageID 346-55, relying particularly on *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), and *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007). Finally, Respondent contends Hatton did not present federal claims to the Ohio courts (Motion, ECF No. 15, PageID 355).[1]

**Petitioner's Response in Opposition**

Hatton responds that he is not challenging the state court process, but its outcome, to wit, "that he remains <u>detained</u> despite his innocence and as a result of constitutional error (Response,

---

[1] Failure to fairly present a claim to the state courts may result in its being barred by procedural default. However, Respondent has not yet filed an answer raising that defense and does not move to dismiss on that basis, so it would be premature for the Court to consider that question.

4

ECF No. 18, PageID 365).  That reads as an attack directly on the judgment under which he is confined.  However, at another point in the Response, he states that his claim is "that he was denied due process in being denied an opportunity to present Dunn's recantation, obtain a new trial, and obtain his freedom." *Id.* at PageID 367.  This reads as if it were an attack on the state court process.  Responding to the assertion that he did not present constitutional claims to the Ohio courts, Hatton cites his appeal to the Ohio Supreme Court in which he claimed he had been denied a constitutional right to a fair trial when the Pickaway County Common Pleas Court denied the motion for new trial without an evidentiary hearing.

Although not repeated in his Response (and also not addressed by the Warden in her Motion to Dismiss), Hatton made substantial arguments on cognizability in the Amended Petition itself (ECF No. 12, PageID 330-36).  He contends the denial of a new trial or of an evidentiary hearing on the Motion for New Trial "is contrary to, or involved the unreasonable application of three Supreme Court cases:" *Evitts v. Lucey*, 469 U.S. 387 (1985); *Pyle v. Kansas,* 317 U.S. 213 (1942); and *Giglio v.United States*, 405 U.S. 150 (1972).  Alternatively he claims the state court determination that Ricky Dunn's recantation was not credible is an unreasonable determination in light of the record.  (ECF No. 12, PageID 332.)  He asserts the three cited Supreme Court cases also were unreasonably applied when he was denied an evidentiary hearing. *Id.*

# ANALYSIS

Respondent is clearly correct that a district court may not review a state court conviction for errors of state law, e.g., denial of a motion for new trial.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Respondent is also correct in asserting that federal habeas corpus cannot be used as a vehicle for correcting state post-conviction procedure.  In *Kirby v. Dutton, supra,* a habeas petitioner claimed he was denied the effective assistance of counsel in his state post-conviction proceedings in violation of the Sixth Amendment right to counsel and Fourteenth Amendment guarantees of due process and equal protection.  The Sixth Circuit concluded those claims could not be raised in habeas because they did not attack the underlying conviction.  The Court relied heavily on the distinction between habeas and a civil rights action under 42 U.S.C. § 1983 made by the Supreme Court in *Preiser v. Rodriquez,* 411 U.S. 475 (1973).

In *Cress v. Palmer*, 484 F. 3d 844 (6th Cir. 2007), a habeas petitioner claimed that

> his due process rights were violated when (1) physical evidence related to his case was destroyed after his appeals were completed, (2) the state post-conviction court rejected as incredible the recantation evidence that he proffered, and (3) the state post-conviction court did not grant him relief based on evidence indicating his innocence.

*Id.* at 847. The Sixth Circuit granted a certificate of appealability on three issues, including whether "(2) the state courts improperly ignored his recantation evidence; and (3) his continued incarceration in light of compelling evidence of his actual innocence and another's guilt violates due process and constitutes cruel and unusual punishment." *Id.* Dismissing the petition for failure to state a claim cognizable in habeas, the court strongly reaffirmed the holding in *Kirby* and subsequent cases *Roe v. Baker,* 316 F.3d 557 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings can not [sic ] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); and *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

Hatton's cited Supreme Court authority is not to the contrary. *Evitts v. Lucey* does indeed contain the broad language that Hatton quotes: "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution – and, in particular, in accord with the Due Process Clause." 469 U.S. at 401. But the holding in the case was that indigent state criminal defendants are entitled to effective assistance of counsel on appeal even though the States are not constitutionally required to provide an appellate process.[2] The language Hatton quotes is plainly dictum and only the holdings of Supreme Court precedent, as opposed to dictum, count as clearly established law under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). *Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000).

---

[2] The Court in *Evitts* acknowledged that it had held no appellate process was constitutionally mandated at all in state criminal cases in *McKane v. Durston,* 153 U.S. 684 (1894), and did not overrule *McKane*. *McKane* continues to be good law. *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005).

7

In *Pyle v. Kansas*, 317 U.S. 213 (1942), petitioner filed a pro se original application for habeas corpus in the Supreme Court of Kansas which denied the writ without opinion.  Noting that Pyle claimed knowing use of perjury against him and deliberate suppression of favorable evidence, the Court held that "[t]hese allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if proven, would entitle petitioner to release from his present custody."  317 U.S. at 216, citing *Mooney v. Holohan,* 294 U.S. 103 (1935).  Like *Evitts*, *Pyle* is a pre-AEDPA case which says nothing about habeas corpus jurisdiction in the district courts.  Indeed, contrary to modern precedent, it appears to hold that the Kansas Supreme Court, to which the case was remanded, has jurisdiction under Kansas law to hear the case.

Finally, *Giglio v. United States,* 405 U.S. 150 (1972), is not a habeas corpus case at all, but a direct appeal of a federal criminal conviction which expanded the prosecution's obligation to divulge exculpatory evidence first recognized by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963).

In sum, none of the Supreme Court cases relied on by Hatton establish a constitutional right to a new trial or even to an evidentiary hearing on a state court motion for new trial upon presentation of evidence that a key witness has recanted his testimony.[3]

In questioning cognizability at the outset of the case, the Magistrate Judge cited *Herrera v. Collins,* 506 U.S. 390, 408-11 (1993).  Hatton asserts his claims are not precluded by *Herrera* (Amended Petition, ECF No. 12, PageID 334).  Hatton says he

---

[3] Hatton's reliance on *Turnage v. Fabian*, 606 F.3d 933 (8th Cir. 2010) is also misplaced.  That case turned on whether Turnage had procedurally defaulted his federal claims by failing to fairly present them in the state courts and did not "recogniz[e] a federal due process claim relating to a recantation." (ECF No. 12, PageID 334.)  Moreover, *Turnage* is obviously not a Supreme Court decision.

> is not making a substantive argument based upon actual innocence. . . . Instead, his core argument is that new and previously-undiscoverable evidence was sufficient to justify a new trial . . . and that the state courts erred in applying Supreme Court precedent to deny a new trial or an evidentiary hearing.

*Id.* at PageID 335.

One type of actual innocence claim a habeas petitioner might make is a substantive or stand-alone claim: I am entitled to a writ because I am actually innocent. A writ issued on such a claim would presumably be unconditional, that is, the State could not retry the petitioner. Case law in the Sixth Circuit establishes that the Supreme Court has never recognized such a constitutional right. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001).

A second type of actual innocence claim might be "Because I am actually innocent or have already produced substantial evidence to that effect, I am entitled to a new state court trial." But the Supreme Court also rejected that claim in *Herrera*, holding that the Constitution did not mandate a new trial under those circumstances. 506 U.S. at 411.

**Conclusion**

Neither of Hatton's Grounds for Relief is cognizable in a federal habeas corpus proceeding. It is therefore respectfully recommended that the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit

that any appeal would be objectively frivolous and therefore should not be permitted to proceed

*in forma pauperis*.

February 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).