IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTIN L. HATTON,

    Petitioner,

    v.

RHONDA R. RICHARD, WARDEN,
MADISON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-01506
JUDGE ALEGNON L. MARBLEY
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On February 15, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant *Amended Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a petition for a writ of certificate of appealability be denied. (ECF No. 19.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 20.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 20) is **OVERRULED**. The *Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (ECF No. 15) is **GRANTED** and this action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

This case involves Petitioner's July 29, 1997, convictions after a jury trial in the Pickaway County Court of Common Pleas on aggravated burglary, kidnapping, felonious assault, rape, and theft. Petitioner was sentenced to an aggregate term of 39 years imprisonment. His convictions and sentence were affirmed on appeal, and he unsuccessfully pursued state post

conviction relief.  In this habeas corpus petition, Petitioner asserts that the Ohio courts contravened or unreasonably applied federal law, or based its decision on an unreasonable determination of the facts in light of the evidence presented, by failing to conclude that the state trial court erred in denying Petitioner's motion for a new trial without an evidentiary hearing, as the lack of a hearing or new trial denied him due process.  Petitioner argues that the recantation of prosecution witness Ricky Dunn establishes his innocence of the charges against him.  The Magistrate Judge recommended dismissal of this action as failing to present a cognizable claim for federal habeas corpus relief.  Petitioner objects to the Magistrate Judge's recommendation.

Petitioner maintains that he presents cognizable claims for relief because he challenges constitutional errors that occurred during state post-conviction proceedings, as opposed to procedural errors in those proceedings.  Petitioner refers to *Dickerson v. Walsh*, 750 F.2d 150 (1st Cir. 1984),[1] to support his argument that there exists a conflict in the federal courts of appeals on the issue.  *Objection* (ECF No. 20, PageID# 403).  Petitioner also again argues that United States Supreme Court precedent, *i.e.*, *Evitts v. Lucey*, 469 U.S. 387, 401 (1985); *Pyle v. Kansas*, 317 U.S. 213 (1942); and *Giglio v. United States*, 405 U.S. 150 (1972), establish that he has a right to a new trial or an evidentiary hearing on his motion for a new trial based upon the recantation of a key prosecution witness.  Petitioner contends that these cases establish that a state court must hold an evidentiary hearing to test the verity of a witness's recantation.  (PageID# 404.) Petitioner attempts to distinguish his case from *Herrera v. Collins*, 506 U.S. 390 (1992), arguing that Dunn's recantation establishes the denial of a fair trial.  Petitioner also again argues that the

---

[1] In *Dickerson*, the Petitioner argued that Massachusetts post-conviction review procedures violated his equal protection rights because capital defendants were required to seek leave to appeal a denial of post-conviction relief, while noncapital defendants were not.  The First Circuit Court of Appeals concluded that Dickerson raised a claim that would be a proper subject for federal habeas corpus review, but declined to exercise jurisdiction, as he had failed to exhaust his claim.  *Dickerson*, 750 F.2d at 153-54.

2

state court unreasonably denied him an evidentiary hearing based on its determination that Dunn's recantation was not credible in light of the evidence presented.

Petitioner's challenge to the state court's refusal to grant him an evidentiary hearing prior to the denial of his motion for a new trial based on the recantation of prosecution witness Ricky Dunn, which constitutes the crux of his claim in these proceedings, simply fails to provide a basis for relief.  "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Farrow v. Anderson*, No. 1:08CV1429, 2009 WL 3004024, at *5 (N.D. Ohio Sept. 15, 2009)(citing *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)).  This is because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Id*. (quoting *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

> It is settled law in the Sixth Circuit that alleged errors in post-conviction proceedings, such as the failure to grant evidentiary hearings, are outside the scope of federal habeas review. *Cornwell v. Bradshaw,* 559 F.3d 398, 411 (6th Cir. 2009) (petitioner's claim that the state court improperly denied him an evidentiary hearing not cognizable in habeas corpus proceedings); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir.1986) ("We decline to allow the scope of the writ to reach this second tier of complaints about deficiencies in state post-conviction proceedings.").

*Johnson v. Lazaroff*, No. 1:15CV43, 2016 WL 791609, at *15 (N.D. Ohio Jan. 6, 2016).

> A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby,* 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] ... is not in any way related to the confinement." *Id*. at 248.

3

*Cress v. Palmer*, 484 F.3d at 853.  None of the United States Supreme Court decisions referred to by Petitioner alter this conclusion.  Petitioner's claim that Dunn's recantation establishes that he is innocent likewise does not provide him the relief he seeks.  *See Childers v. Warden*, *Chillicothe Correctional Institution*, No. 2:13-cv-00991, 2015 WL 6755309, at *1 (S.D. Ohio Nov. 4, 2015)(free standing claims of actual innocence are not cognizable on federal habeas review)(citing *Boes v. Warren*, No. 2:09-cv-12279, 2013 WL 5499918 (E.D. Mich. Oct. 3, 2013) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *McQuiggin v. Perkins*, -- U.S. --, --, 133 S.Ct. 1924, 1931 (2013); *Cress v. Palmer*, 484 F.3d at 854-55).

As to Petitioner's request for a certificate of appealability, "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).  The Court is not persuaded that Petitioner has met this standard here.

Therefore, Petitioner's *Objection* (ECF No. 20) is **OVERRULED**.  The *Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED**.  Respondent's *Motion to Dismiss* (ECF No. 15) is **GRANTED** and this action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**


DATED:  April 13, 2016                                             s/Algenon L. Marbley
                                                                                       ALGENON L. MARBLEY
                                                                                       United States District Judge